[Civ. No. 48393. Second Dist., Div. Two. Apr. 19, 1976.]

QUEEN OF ANGELS HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
CARROLL JUSTICE JONES III, a Minor, etc., Real Party in Interest.

**COUNSEL**

Home & Clifford, Richard R. Clifford, Ellis J. Horvitz and Arthur E. Schwimmer, for Petitioner.

No appearance for Respondent.

Milan Moacanin and Robert F. Diekman for Real Party in Interest.

**OPINION**

**FLEMING, J.**—Petitioner Queen of Angels Hospital (Hospital) is a defendant in an action for personal injuries to real party in interest Carroll Jones, a minor (Jones). Pursuant to oral stipulation, Hospital caused Jones to be physically examined by Dr. Gabriel in February 1975, and at Jones' request Hospital furnished Jones a copy of Dr. Gabriel's written report. In July 1975 Jones took Dr. Gabriel's deposition.

Thereafter, Dr. Sugarman, who had previously examined Jones on Jones' behalf, caused Jones to be further examined by Dr. Menkes, a specialist in pediatric neurology. Dr. Menkes made a written report of his findings and conclusions, dated October 29, 1975, and transmitted his report to Jones' counsel. Hospital orally requested a copy of Dr. Menkes' report, but Jones' counsel refused to honor the request.

Pursuant to Code of Civil Procedure section 2032 Hospital then moved respondent superior court for an order requiring Jones to deliver a copy of Dr. Menkes' report and for an order permitting Hospital to call Dr. Menkes as a witness free from any claim of privilege by Jones. Jones opposed both motions on the ground that Dr. Menkes' report and testimony were attorney work-product and hence immune from disclosure. Jones' counsel stated he considered Dr. Menkes an adviser, he did not intend to call him as a witness, but he might continue to consult him as an expert. Respondent court reviewed Dr. Menkes' report *in camera*, denied the motion for delivery of a copy of the report to Hospital, and ruled that while Hospital might call Dr. Menkes as its own witness it could not question the doctor about his report or any communication with Jones' counsel, nor could it otherwise disclose to the jury the fact that the doctor had been initially employed by Jones.

On Hospital's petition for writ of mandate, we issued an alternative writ, and, thereafter, a stay of proceedings in respondent court.

With respect to physical and mental examination of parties the governing statute is Code of Civil Procedure section 2032 which in relevant part provides:

"(a) In an action in which the mental or physical condition . . . of a party . . . is in controversy, the court . . . may order the party to submit to a physical or mental . . . examination by a physician . . . .

"(b)(1) If requested by the party against whom an order is made . . . the party causing the examination . . . shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions, together with like reports of all earlier examinations of the same condition. After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party or persons examined a like report of any examination, previously or thereafter made, of the same condition. If the party or person examined refuses to deliver such report the court on motion and notice may make an order requiring delivery on such terms as are just, . . .

"(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party against whom an order is made . . . waives any privilege he may have . . . regarding the testimony of every other person who has examined or may thereafter examine him in respect of the same condition.

"(3) Unless otherwise agreed, the provisions of subdivisions (b) (1) and (2) of this section shall be applicable in cases where an examination is made pursuant to stipulation."

## I.

In our view the Hospital's right to a copy of Dr. Menkes' report is specifically covered by the following provision of section 2032, subdivision (b)(1): ". . . . After such request and delivery [Hospital's delivery of Dr. Gabriel's report to Jones] the party causing the examination to be made [Hospital] shall be entitled upon request to receive from the party or persons examined [Jones] a like report of any examination, previously or thereafter made, of the same condition. . . ." Since Dr. Menkes made a physical examination of Jones and prepared a written report of his findings and conclusions, Hospital is entitled to a copy of the report under the provisions of the section.

Jones' contention that Dr. Menkes' report is attorney work-product might be sustainable if Dr. Menkes had not physically examined Jones and if he had merely submitted a hypothetical opinion to counsel based on assumed facts. But such was not the case. Dr. Menkes did in fact examine Jones before he prepared his report. More factual input thereby went into the cause, and both sides were entitled to access to that input. For example, Dr. Menkes may have observed phenomena that other examining doctors missed. Or on the day of Dr. Menkes' examination the condition of the person examined (Jones) may have differed in significant respects from his condition on other occasions. Or Dr. Menkes' conclusions on Jones' physical condition may have been significantly more perceptive than those of other examining doctors. Under the mutual discovery provisions of section 2032 governing physical examinations, all findings and conclusions obtained as a result of the physical examination of a party become available to the parties to the litigation. We are cited no authority which holds that when section 2032, subdivision (b)(1) is otherwise applicable a medical report prepared after a physical examination of a party has taken place is attorney work-product. The fact that Jones' counsel has

declared he will not call Dr. Menkes as a witness is of no consequence. To conclude otherwise would permit Jones to arrange unlimited medical examinations and reports and suppress those he might think unfavorable merely by characterizing the doctors who prepared them as advisers to counsel and promising not to call them as witnesses.

■ Jones also argues that because some preliminary information from Dr. Menkes had become available to Hospital he is therefore not required to furnish the remainder of Dr. Menkes' findings and conclusions. We are not impressed with this argument, for we do not think the mutual discovery provisions of section 2032 governing physical examinations of persons can be circumvented by the device of fragmenting an examining doctor's report of his findings and conclusions into segments and making some but not all segments of his findings and conclusions available to the opposing party. As we read section 2032, and rule 35 of the Federal Rules of Civil Procedure from which section 2032 was taken, the section covers all reports of an examining physician's findings and conclusions.

II.

■ In addition to a copy of Dr. Menkes' report, Hospital is entitled to call Dr. Menkes as a witness free from any restrictions of privilege in its examination. Jones, by requesting and obtaining a copy of Dr. Gabriel's report to Hospital and by taking that doctor's deposition, waived any privilege regarding the testimony of any person who has examined or will examine him with respect to his physical condition (§ 2032, subd. (b)(2)). The circumstances of Dr. Menkes' examination, and of his employment to make that examination, may be developed by any party to the cause insofar as they are relevant and material to issues in the cause.

Let a peremptory writ of mandate issue forthwith directing respondent court to issue its order requiring real party in interest to deliver a copy of Dr. Menkes' report, dated October 29, 1975, to Hospital, and permitting Hospital to examine Dr. Menkes as its own witness free from any claim of privilege to which real party in interest might be entitled. The stay order heretofore issued is terminated, and the alternative writ is discharged.

Roth, P. J., and Beach, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied July 1, 1976.